**CV 12 5863**

LEONARD KREINCES, ESQ. (LK/6524)
KREINCES & ROSENBERG, P.C.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
Telephone: (516) 227-6500
Facsimile: (516) 227-6594

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Filed
RECEIVED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ DEC 19 2012 ★

LONG ISLAND OFFICE

**FEUERSTEIN, J**

**TOMLINSON, M**

ELI & ALI'S LLC,

           Plaintiff,

-against-

THE TOMATO KID, INC., ADAM LEVIN and
ROSS LEVIN,

           Defendants.

Case No.: _____

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**



UPON the annexed certification of Marc Ross, dated December 18, 2012, with exhibits, the certification of Leonard Kreinces, Esq., dated December 18, 2012 as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendants, THE TOMATO KID, INC. ("Tomato Kid"), ADAM LEVIN ("Adam") and ROSS LEVIN ("Ross"), show cause before the Honorable Sandra J. Feuerstein United States District Judge, at the United States Courthouse, 100 Federal Plaza, Central Islip, New York 11722, on January 2, 2013 at 11:00 o'clock a.m./p.m., or as soon *Courtroom 1010* thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not issue enforcing the statutory trust under Section 5(c) of

1

the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity until further order of this Court or until the defendants pay $161,158.50, plus interest, costs, and attorneys fees to the plaintiff; and

IT APPEARING to the Court from the certification of Marc Ross, that the defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore *which would render ultimate recovery of those assets unlikely,*

ORDERED, that defendants, Tomato Kid, Adam and Ross, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are:

(i) temporarily restrained *pending hearing and determination of the motion for a preliminary injunction* from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter "PACA") and the regulations promulgated thereunder; and

(ii) temporarily restrained *pending hearing and determination of the motion for a preliminary injunction* from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons or entitles until further order of this Court or until the defendants pay the plaintiff, *or deposit into the registry of the Court,*

2

the sum of $161,158.50 plus interest, costs, and attorneys fees, and ~~or to deposit the full amount into the registry of the Court~~

(iii) ordered that if the defendants fail to pay plaintiff in full within ~~three (3)~~ five (5) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after June 1, 2012 with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv) ordered that if the defendants fail to pay plaintiff in full ~~or to deposit the full amount into the registry of the Court~~ within ~~three (3)~~ five (5) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for all assets in defendants' ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by Cuba, and, if not, the source of such assets; and

(v) ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Tomato Kid's operations and received or transferred by them on or after June 1, 2012 which are lawfully obtainable by Tomato Kid; and

(vi) ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "The Tomato Kid, Inc. PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein

all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

(vii) ordered that if the defendants fail to pay plaintiff in full ~~or the deposit the full amount into the registry of the Court~~ within ~~three (3)~~ five (5) business days from the date of service of this order on the defendants, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of June 1, 2012, generated by its perishable agricultural commodities business with those receivables being collected by defendants' or plaintiff's counsel and deposited in the "The Tomato Kid, Inc. PACA Escrow Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ~~ten (10)~~ fourteen (14) days after entry unless within such time the order for good cause shown is extended for a like period, or unless the defendants consent that it may be extended for a longer period; and it is further

ORDERED, ~~that the plaintiff shall not be required to post a bond hereunder~~ that the $161,158.50 in PACA trust assets belonging to plaintiff and in the possession of the defendants shall serve as plaintiffs security for this TRO, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it was granted be served by hand delivery of ~~overnight delivery,~~ upon the defendants, Tomato Kid, Adam and Ross, or their attorneys, on or before December 20, 2012, before 5:00 p.m.; and it is further

ORDERED, that opposing papers shall be served by hand delivery or overnight service, so as to be received by plaintiff's counsel, and courtesy copies received by the Court, by ~~noon~~ 5:00 p.m. on December 27, 2012.

This Temporary Restraining Order is entered this 19 day of December, 2012 at 12:13 ~~a.m.~~/p.m.

4

A hearing on plaintiff's motion for a preliminary injunction is scheduled for January 2, 2013 at 11:00 a.m./p.m.

Date: December 19, 2012

s/ Sandra J. Feuerstein
_____
U.S.D.J.

Z:\kreinces1\WORK\General\Eli & Ali's\The Tomato Kid 12-61\OSC.wpd

5